**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **AMED PEREZ QUINTANA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00838-DB** |
| | § | |
| **PAMELA JO BONDI**, *U.S. Attorney* | § | |
| *General*, | § | |
| **Respondent.** | § | |

## <u>ORDER TO SHOW CAUSE</u>

On this day, the Court considered the above-captioned case. On March 25, 2026, Petitioner Amed Perez Quintana filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("Petition"), ECF No. 3. In his Petition, Petitioner asks this Court to "1. [a]ssume jurisdiction over this matter; 2. [g]rant Petitioner a Writ of Habeas Corpus directing the Respondent to immediately release Petitioner from custody, under reasonabl[e] condition[s] of supervision; 3. [o]rder Respondents to refrain from transferring the Petitioner out of the jurisdiction of. . . the Western District of Texas during the pendency of these proceeding[s] and while the Petitioner remains in Respondent's custody." *Id.* at 8. Pursuant to 28 U.S.C. § 2243, "[a] court. . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." The Court therefore issues the briefing schedule outlined herein.

Further, this case is filed by an alien detainee seeking relief under habeas corpus. Due to prior incidences in this Court of Respondents or their assigns removing petitioners from the United States and/or jurisdiction of the Western District of Texas – El Paso Division even after the Court

orders them not to do so,[1] this Court, in its discretion, finds good cause to issue a temporary restraining order restraining Respondents from removing Petitioner from its jurisdiction or the United States until further order of the Court. In the interest of preserving the status quo and the Court's ability to fully assess this case on the merits, the Court orders that Petitioner not be removed from the United States or to a facility outside the jurisdiction of the Western District of Texas – El Paso Division. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021); *see also Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases). The Court also sets an expedited briefing schedule for Respondents to show cause to why Petitioner's writ shall not be granted, as well as all other claims for relief raised in the Petition.

Accordingly, **IT IS HEREBY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

**IT IS FURTHER ORDERED** that Respondents **SHOW CAUSE** why such writ should not be granted by filing a response **no later than March 30, 2026.**

---

[1] *See e.g. Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, (W.D. Tex. October 30, 2025).

**IT IS FURTHER ORDERED** that should Petitioner wish to file a reply, Petitioner shall file a reply **no later than April 6, 2026.**

**SIGNED** this **25th** day of **March 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE